MARC J. FAGEL (CA Bar No. 154425)
MICHAEL S. DICKE (CA Bar No. 158187)
JUDITH L. ANDERSON (CA Bar No. 124281)
  andersonju@sec.gov
JOHN S. YUN (CA Bar No. 112260)
  yunj@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500; Fax: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES W. McCALL,<br><br>Defendant. | Civil Action No. 03-2603 WHA<br>Consolidated with<br>Civil Action No. 01-3650 WHA<br><br>[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT JAY LAPINE |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JAY LAPINE,<br><br>Defendant. | |

[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT
JAY LAPINE
Civ. No. 03-2603 WHA
Civ. No. 01-3650 WHA

## FINAL JUDGMENT AS TO DEFENDANT JAY LAPINE

The Securities and Exchange Commission ("Commission") having filed its Complaint in this action, and Defendant Jay Lapine having entered a general appearance; consented to the Court's jurisdiction over him and over the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to a trial or to an appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Lapine and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Lapine and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section

[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT JAY LAPINE    2
Civ. No. 03-2603 WHA
Civ. No. 01-3650 WHA

13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), by knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act, 15 U.S.C. § 78m(b)(2).

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Lapine and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), by knowingly providing substantial assistance in circumventing or failing to implement a system of internal accounting controls or falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act, 15 U.S.C. § 78m(b)(2).

### IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Lapine and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-1 under the Exchange Act, 17 C.F.R. § 240.13b2-1, by falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

### V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Lapine and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Rule 13b2-1 under the Exchange Act, 17 C.F.R. § 240.13b2-1, by knowingly providing substantial


assistance in falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Lapine and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, and 13a-13, 17 C.F.R. §§ 240.12b-20 and 240.13a-13, by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*, in failing to file with the Commission such accurate and complete information, reports, and documents as are required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and the Commission's Rules, including quarterly reports on Form 10-Q.

VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Lapine and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by failing to make and keep books, records and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*.

VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Lapine and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and

1 | each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by knowingly providing substantial assistance to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*, in failing to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], defendant Lapine is prohibited, for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78*o*(d)].

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Lapine shall pay a civil penalty in the amount of $60,000, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Lapine shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Jay Lapine as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Lapine shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

XI.

Amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, defendant Lapine shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Lapine's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Lapine's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Lapine shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Lapine by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that defendant Lapine shall comply with all of the undertakings and agreements set forth therein.

XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XIV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: March 1, 2010.

