MARC J. FAGEL (CA Bar No. 154425)
MICHAEL S. DICKE (CA Bar No. 158187)
JUDITH L. ANDERSON (CA Bar No. 124281)
  andersonju@sec.gov
JOHN S. YUN (CA Bar No. 112260)
  yunj@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500; Fax: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES W. McCALL,<br><br>Defendant. | Civil Action No. 03-2603 WHA<br>Consolidated with<br>Civil Action No. 01-3650 WHA<br><br>[~~PROPOSED~~] FINAL JUDGMENT AS TO DEFENDANT CHARLES W. McCALL |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JAY LAPINE,<br><br>Defendant. | |

## FINAL JUDGMENT AS TO DEFENDANT CHARLES McCALL

The Securities and Exchange Commission ("Commission") having filed its Complaint in this action, and Defendant Charles McCall having entered a general appearance; consented to the Court's jurisdiction over him and over the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to a trial or to an appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant McCall and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act

of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant McCall and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), by knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act, 15 U.S.C. § 78m(b)(2).

### IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant McCall and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-1 under the Exchange Act, 17 C.F.R. § 240.13b2-1, by falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

## V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant McCall and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-2 under the Exchange Act, 17 C.F.R. § 240.13b2-2, by making or causing to be made materially false or misleading statements to accountants and omitting to state, or causing another person to omit to state to accountants material facts necessary in order to make statements to the accountants, in light of the circumstances under which such statements were made, not misleading.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, controlling any person who violates Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

unless Defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT    4
CHARLES MCCALL
Civ. No. 03-2603 WHA
Civ. No. 01-3650 WHA

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and/or Section 20(e) of the Securities Act, [15 U.S.C. § 77t(e), Defendant McCall is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78*o*(d)].

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant McCall shall pay disgorgement in the amount of $1,365,989.00 plus prejudgment interest thereon in the amount of $512,138.66 for a total amount due of $1,878,127.66. McCall shall pay this amount in four quarterly installments, according to the following schedule: the first installment of $469,531.92 shall be paid within fourteen (14) days from entry of the Final Judgment against Defendant in this action; the second installment of $469,531.92 shall be paid within 120 days of the first payment plus post-judgment interest pursuant to 28 U.S.C. § 1961; the third installment of $469,531.91 shall be paid within 240 days of the first payment plus post-judgment interest pursuant to 28 U.S.C. § 1961; and the fourth and final installment of $469,531.91 shall be paid within 360 days of the first payment plus post-judgment interest pursuant to 28 U.S.C. § 1961. Each payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. Each payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Charles McCall as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of each such letter and a photocopy of each payment shall be sent concurrently to the Commission's Counsel in this action in the San Francisco Regional Office of the Securities and Exchange Commission, 44 Montgomery Street, Suite 2600, San Francisco, California 94104. By making this payment, Defendant McCall relinquishes all legal and equitable right, title, and interest in such funds, and no

part of the funds shall be returned to Defendant. Defendant McCall shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

Because Defendant McCall's assets are currently subject to a freeze order issued by this Court in *United States v. Charles McCall, et al.*, Case No. CR 00-0505 WHA, if the freeze order has not expired by its terms or if it has not been lifted to allow Defendant McCall to meet the installment payment deadlines set forth above, each installment payment shall be due within five (5) days of the Court's issuance of an order lifting the freeze to permit Defendant to make the required disgorgement payment. However, if the freeze expires by its terms or if the freeze has been lifted to allow Defendant McCall to make the required installment payments, if Defendant McCall fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant McCall shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: May 18, 2010.



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
Judge William Alsup

[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT
CHARLES MCCALL
Civ. No. 03-2603 WHA
Civ. No. 01-3650 WHA

6